IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELLIE J. DUDLEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:15-CV-306-RP |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

### ORDER

Before the Court are Plaintiff Kelly Dudley's Motion for Remand filed May 18, 2015 (Dkt. #5) and Defendant Wells Fargo Bank, N.A.'s Response filed May 26, 2015 (Dkt. #6). By way of the motion, Plaintiff seeks to have this case remanded to 131st Judicial District Court of Bexar County, Texas. After considering the motion, the applicable case law, and the entire record in this action, the Court finds that Plaintiff's motion should be denied.

**I.**

Plaintiff Kelly Dudley initiated this action in the 131st Judicial District Court of Bexar County, Texas on April 6, 2015. (Notice of Removal, Ex. A, at 1). In short, Plaintiff seeks to enjoin Defendant from foreclosing on property located at 6003 Little Brandywine Creek, San Antonio, Texas 78233 (the "Property"). (*Id.*, at 13-14). On April 6, 2015, Plaintiff obtained an *ex parte* temporary restraining order, enjoining Defendant from foreclosing on the Property. (*Id.*, at 22-23). The state court then set a hearing to determine whether a temporary injunction was appropriate. (*Id.*). Before the hearing, however, Defendant removed the case to federal court. Plaintiff now moves for the Court to remand this action to state court because it does not meet the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

II.

A Defendant may remove a case from state court to federal court only when the case could have been originally filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). The statutory requirements for removal are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). A plaintiff may move to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) all civil actions arising under the Constituion, laws, or treaties of the United States; and (2) civil actions between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332(a).

III.

The sole issue here is whether the amount in controversy is sufficient to establish federal diversity jurisdiction. More specifically, the parties disagree on whether the value of the Property should be included in the amount in controversy.[1] Since Plaintiff does not dispute the value of the promissory note or claim that the Property is not subject to Defendant's lien, Plaintiff asserts that the amount in controversy is only the amount owed to reinstate the loan—roughly $4000.00. (Mot. to Remand, at 4). Defendant, on the other hand, argues that the value of the Property should be considered in this calculation. (Resp., at 1).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). When an injunction is sought to stop the foreclosure sale of real property, the property is the object of the litigation. *Farkas v. GMAC*

---

[1] The parties appear to agree that the value of the Property is $88,140.00, and that if this is not included in the calculation, the total amount in controversy will be less than $75,000. (Mot. to Remand, at 2; Resp., at 1-3).

*Mort. L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *see also Bond v. Wells Fargo Bank, N.A.*, No. 5:12-CV-351-XR, 2012 WL 2285227, at *2 (W.D. Tex. June 18, 2012) ("[W]hen a plaintiff seeks to enjoin a defendant from foreclosing, selling, transferring, auctioning, or conducting the trustee's sale of the entire property, the plaintiff's entire property is the object of the litigation.").

Here, Plaintiff seeks to enjoin Defendant from foreclosing on the Property. Therefore, the Property is the object of the litigation and must be included in the amount in controversy. And since there is no dispute that the Property's value is greater than $75,000, the amount in controversy in this action is sufficient to establish federal diversity jurisdiction. Accordingly, the Court denies Plaintiff's Motion to Remand.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Kelly Dudley's Motion for Remand (Dkt. #5) is **DENIED**.

**SIGNED** on June 4, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE